ELECTRONICALLY FILED
Faulkner County Circuit Court
Nancy Eastham, Circuit Clerk
2023-Jan-27 10:40:46
23CV-23-116
C20D01 : 12 Pages

## IN THE CIRCUIT COURT OF FAULKNER COUNTY, ARKANSAS
## CIVIL DIVISION

**SHEILA BENNETT**                                                                 **PLAINTIFF**

**VS.**                                      **NO. _____**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE**              **DEFENDANTS**
**COMPANY**

### COMPLAINT

COMES NOW the Plaintiff, Sheila Bennett, by and through her attorneys, RAINWATER, HOLT & SEXTON, P.A., and for her Complaint against the Defendant, hereby states and alleges the following:

### I. RESIDENCY & PARTIES

1.      Plaintiff Sheila F. Bennett was at all times relevant to this action a citizen and a resident of Faulkner County, Arkansas residing at 1620 Middle Road, Apt. 707, Conway, Arkansas.

2.      Plaintiff Sheila Bennett and State Farm Mutual Insurance Company entered into an insurance policy contract with underinsured motorists ("UIM") coverage in Searcy, White County, Arkansas. A copy of the declaration page, as provided by Defendant, is attached as **Exhibit "A."** Plaintiff will timely supplement and/or amend her Complaint once she has a certified copy of the insurance policy if necessary or needed.

3.      Defendant State Farm Mutual Automobile Insurance Company ("State Farm") was at all times relevant foreign corporation registered and licensed to sell insurance in the State of Arkansas. The Defendant's registered agent is Corporation Service Company at 300 Spring Building, Suite 900, Little Rock, Arkansas 72201.

1

# EXHIBIT A

4. The incident giving rise to this cause of action is a motor vehicle collision that occurred at the intersection of East Beebe Capps Expressway and S. Main Street. in Searcy, White County, Arkansas.

## II.   JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to Ark. Code Ann. § 16-13-201(a), which provides that circuit courts shall have original jurisdiction of all actions and proceedings for the redress of civil grievances except where exclusive jurisdiction is given to other courts.

6. Venue is proper pursuant to Ark. Code Ann. § 23-79-204, which provides that an action brought by an insured against an insurer as to a loss occurring or benefits or rights provided under an insurance policy shall be brought in the county of the insured's residence at the time of the loss.

## III.   BASIC PREMISE

7. This is a breach of contract case which arises from a motor vehicle insurance policy contract entered into by the parties in Faulkner County, Arkansas. Said underlying insurance policy contract contains UIM coverage in the amount of $50,000.00. Despite Plaintiff's demand to State Farm to pay UIM benefits consistent with his damages, State Farm has refused.

## IV.   FACTS

8. On or about August 21, 2019, at approximately 3:20 PM, Plaintiff was a passenger in her own vehicle, a 2011 GMC Terrain that was being driven by a friend of hers, Doyle Goodwin, with the Plaintiff's permission.

9. Doyle Goodwin, the operator of the 2011 GMC Terrain, was exercising good judgment and operating the Terrain at a speed that was prudent and proper for the traffic and conditions present of August 21, 2019.

10. Plaintiff Sheila Bennett was a restrained passenger in her own vehicle operated by Doyle Goodwin as the vehicle proceeded South on Main St. approaching its intersection with East Beebe Capps Boulevard in Searcy, Arkansas.

11. Doyle Goodwin was operating the GMC Terrain in such a manner as to follow all traffic guidelines, including that her lane of traffic had the right of way to proceed through the intersection with Beebe Capps Boulevard.

12. At the same time and place, Hannah Beth Bunting was traveling North on South Main St. in the Ford Ranger owned by her parents, Erin and David Bunting.

13. Hannah Beth Bunting was operating this Ford Ranger with the express knowledge and/or permission of her parents, Defendants Erin and David Bunting.

14. As Hannah Beth Bunting approached the intersection of South Main St. and Beebe Capps Expressway, she wanted to make a left hand turn onto Beebe Capps.

15. The intersection at South Main St. and East Beebe Capps Expressway is controlled by a traffic control signal that notifies motorists as to when they can maneuver through the intersection at safe intervals.

16. As Doyle Goodwin and the Plaintiff in the GMC Terrain approached the intersection, they had a solid green light.

17. The indication of a solid green light from the traffic control device meant that Doyle Goodwin had the right of way to continue through the intersection unimpeded by other motorists.

18. As Hannah Beth Bunting approached the intersection in her parents Ford Ranger, she did not have a green arrow to allow her to make a left hand turn from Main onto Beebe Capps.

19. Hannah Beth Bunting, carelessly, recklessly and/or negligently, disregarding the

rights and safety of others and other motorists on the roadway, failed to yield to oncoming permissible traffic and made an improper left turn, striking the GMC Terrain on the left side.

20. Hannah Beth Bunting failed to yield the right of way to oncoming traffic and negligently, recklessly and carelessly continued through the intersection at S. Main St. and Beebe Capps Expressway in spite of the traffic control light and rules of the road indicating she was to yield.

21. This careless, reckless and negligent act saw Hannah Beth Bunting turn right into the vehicle the Plaintiff was a restrained passenger in causing a collision.

22. Hannah Beth Bunting, an underinsured motoris, was guilty of negligence, which was the proximate cause of the above described incident and Plaintiff's resulting damages in the following particular:

> (a) In failing to keep a proper lookout;
>
> (b) In failing to keep the vehicles she was driving under proper control.
>
> (c) In driving in a prohibited manner in violation of A.C.A § 27-51-104;
>
> (d) In failing to exercise ordinary care for her own safety and for the safety of others using the roadway.
>
> (e) In failing to take proper evasive action to avoid a collision; and
>
> (f) In driving a reckless manner in violation of A.C.A § 27-50-308.

23. These acts of negligence on the part of Hannah Beth Bunting, an underinsured motorist, are the proximate cause of the injuries and damages suffered by Sheila Bennett as more specifically described herein.

### V. CAUSE OF ACTION – BREACH OF CONTRACT

24. All of the allegations previously pled herein are re-alleged as though stated word-

for-word.

25. As a result of the collision, Plaintiff suffered personal injuries and damages.

26. At the time of the incident complained of herein, Plaintiff had in effect with State Farm a policy of insurance with underlying UIM coverage ("the State Farm policy"). A copy of this policy, as provided by Defendant, is attached as **Exhibit "A."**

27. The State Farm policy provided that in the event Plaintiff should be involved in an incident caused by the negligence of an underinsured motorist, her damages would be compensated in an amount not to exceed the limits of said underlying UIM coverage ($50,000.00).

28. Plaintiff paid an additional premium to State Farm for this coverage, and State Farm accepted this premium.

29. Tortfeasor Hannah Beth Bunting and David Bunting, through Allstate Insurance Company, carried a policy of liability insurance; however, its limits of $25,000.00 per person, which has been tendered, was not sufficient to compensate Plaintiff for her total damages.

30. Under the terms of the State Farm policy, Hannah Beth Bunting and David Bunting were underinsured motorists.

31. Under the terms of the State Farm policy, State Farm has a duty to pay benefits to Plaintiff in a sum consistent with her damages, subject to limits.

32. Plaintiff complied with Arkansas law and the terms of the State Farm policy in settling her claim against Hannah Beth Bunting and David Bunting.

33. State Farm agreed to allow Plaintiff to settle with Hannah Beth Bunting and David Bunting for his insurance policy limits of $25,000.00 without substituting its money for the settlement amount or otherwise claiming a subrogation interest in the liability limits ($25,000) settlement proceeds. Please see attached **Exhibit "B"**.

34. Plaintiff has requested that State Farm pay her UIM benefits consistent with her damages pursuant to the terms of the policy, but State Farm has refused Plaintiff's request and demand.

35. There is no legitimate legal basis for State Farm's continuing failure to comply with the terms of the State Farm policy. State Farm is in breach of the insurance policy contract.

### VI.   PROXIMATE CAUSATION

36. The negligence of Hannah Beth Bunting and David Bunting, underinsured motorists, was an actual and proximate cause of the collision described herein and of the personal injuries and damages sustained by Plaintiff.

37. State Farm's refusal to pay UIM benefits consistent with Plaintiff's damages is the actual and proximate cause of the breach of the insurance policy contract between the parties and Plaintiff's damages related thereto.

### VII.   INJURIES AND COMPENSATORY DAMAGES

38. All of the allegations previously pled herein are re-alleged as though stated word-for-word.

39. Plaintiff sustained personal injuries and damages as a result of the collision.

40. Plaintiff is entitled to the following damages:

    (a) the nature, extent, duration, and permanency of her injuries;

    (b) the full extent of the injuries she sustained;

    (c) the expense of her medical care, treatment and services received, including transportation, board and lodging expenses and those expenses that are reasonably certain to be required in the future;

    (d) any pain, suffering and mental anguish experienced in the past and reasonably certain to be experienced in the future;

      (e)    the value of any earnings, earning capacity, profits, or salary lost in the past and that are reasonably certain to be lost in the future; and

      (f)    the visible results of her injuries.

41.    Additionally, Plaintiff is entitled to damages in the amount of 12% of the awarded damages from the UIM claim, plus a reasonable attorney's fee for the prosecution and collection of the loss, pursuant to Ark. Code Ann. § 23-79-208, and pre and post judgment interest, and costs and expenses for prosecuting said claims.

42.    The injuries and damages described herein have been suffered in the past and will be continuing in the future.

### VIII. DEMAND FOR JURY TRIAL

43.    Plaintiff hereby demands a trial by jury.

### IX. DEMAND & PRAYER

44.    WHEREFORE, Plaintiff prays that she recover judgment against State Farm for her underlying UIM limits; pre and post judgment interest at the maximum rate allowed by law; 12% penalty of the awarded damages, and reasonable attorney's fees and costs, pursuant to Ark. Code Ann. § 23-79-208; and, for all other relief to which she may be entitled.

Respectfully Submitted,

*Attorneys for Plaintiff*

By: _____
Bryce Brewer (Ark. Bar No. 2002013)
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
Little Rock, AR  72222
Telephone:   (501) 868-2500
Telefax:      (501) 868-2505
Email: bbrewer@rainfirm.com

7

State Farm Mutual Automobile Insurance Company   43603-1-A   MUTL   VOL
4700 S Providence
Columbia, MO 65217

**DECLARATIONS PAGE**

PAGE 1 OF 2

NAMED INSURED
AT3            000718 0058         04-1550-1  A    A
BENNETT, SHEILA
1608 PALM SPRINGS DR
SEARCY AR  72143-5339

POLICY NUMBER   293 1997-C11-04A
POLICY PERIOD FEB 04 2019 to SEP 11 2 9
12:01 A.M. Standard Time

STATE FARM PAYMENT PLAN NUMBER
225768222
AGENT
BLAKE HENDRIX INS AGENCY INC
1550 W BEEBE CAPPS EXPY
SEARCY, AR 72143-5169

PHONE: (501)268-8638 or (501)268-8639

**DO NOT PAY PREMIUMS SHOWN ON THIS PAGE.**
**IF AN AMOUNT IS DUE, THEN A SEPARATE STATEMENT IS ENCLOSED.**

YOUR CAR

| YEAR | MAKE | MODEL | BODY STYLE | VEHICLE ID. NUMBER | CLASS |
|---|---|---|---|---|---|
| 2011 | GMC | TERRAIN | SPORT WG | 2CTFLUE54B6232452 | 600H30H000 |

| SYMBOLS | COVERAGE & LIMITS | PREMIUMS |
|---|---|---|
| A | Liability Coverage | $258.32 |
|  | Bodily Injury Limits | |
|  | Each Person,   Each Accident | |
|  | $50,000        $100,000 | |
|  | Property Damage Limit | |
|  | Each Accident | |
|  | $50,000 | |
| C | Medical Payments Coverage | $34.00 |
|  | Limit - Each Person | |
|  | $5,000 | |
| D | Comprehensive Coverage - $100 Deductible | $162.28 |
| G | Collision Coverage - $500 Deductible | $216.67 |
| H | Emergency Road Service Coverage | $4.10 |
| R1 | Car Rental and Travel Expenses Coverage | $13.11 |
|  | Limit - Car Rental Expense | |
|  | Each Day,     Each Loss | |
|  | 80%           $1,000 | |
| U | Uninsured Motor Vehicle Coverage | $16.15 |
|  | Bodily Injury Limits | |
|  | Each Person,  Each Accident | |
|  | $50,000       $100,000 | |
| U1 | Uninsured Motor Vehicle Coverage | $4.80 |
|  | Property Damage Limit | |
|  | Each Accident | |
|  | $50,000 | |
| W | Underinsured Motor Vehicle Coverage | $17.47 |
|  | Bodily Injury Limits | |
|  | Each Person,  Each Accident | |
|  | $50,000       $100,000 | |
| S1 | Death, Dismemberment and Loss of Sight Coverage | $2.57 |
| T1 | Total Disability Coverage | $3.51 |

**Total premium for FEB 04 2019 to SEP 11 2019.**   $732.98   This is not a bill.

CONTINUED
See Reverse Side

**EXHIBIT "A"**

This policy is issued by State Farm Mutual Automobile Insurance Company.

## MUTUAL CONDITIONS

1. **Membership.** While this policy is in force, the first insured shown on the Declarations Page is entitled to vote at all meetings of members and to receive dividends the Board of Directors in its discretion may declare in accordance with reasonable classifications and groupings of policyholders established by such Board.

2. **No Contingent Liability.** This policy is non-assessable.

3. **Annual Meeting.** The annual meeting of the members of the company shall be held at its home office at Bloomington, Illinois, on the second Monday of June at the hour of 10:00 A.M., unless the Board of Directors shall elect to change the time and place of such meeting, in which case, but not otherwise, due notice shall be mailed each member at the address disclosed in this policy at least 10 days prior thereto.

In Witness Whereof, the State Farm Mutual Automobile Insurance Company has caused this policy to be signed by its President and Secretary at Bloomington, Illinois.

*Lynne M. Yauxell*
Secretary

*Michael T Tipson*
President

B10

# EXHIBIT "A"

**State Farm Mutual Automobile Insurance Company**
43603-1-A            MUTL  VOL

4700 S Providence
Columbia, MO  65217

**DECLARATIONS PAGE**

PAGE 2 OF 2

NAMED INSURED  000718 0058     04-1550-1 A     A

BENNETT, SHEILA
1608 PALM SPRINGS DR
SEARCY AR  72143-5339

POLICY NUMBER    293 1997-C11-04A
POLICY PERIOD FEB 04 2019 to SEP 11 2019
12:01 A.M. Standard Time

STATE FARM PAYMENT PLAN NUMBER
1225768222

ST-246C
0202-A122

### IMPORTANT MESSAGES

Arkansas law requires that insurers notify an authorized law enforcement agency if there is a reason to believe that a fire loss may be other than accidental.   The law requires also that any authorized agency may demand that an insurer provide information relating to a questionable fire loss.   An insurer releasing such information shall inform its insured no later than ninety days after the release of the report.   A copy of the report shall be furnished to the insured in the event of civil action or criminal prosecution.

Replaced policy number 2931997-04.

**Your total renewal premium for MAR 11 2019 to SEP 11 2019 is $604.72.**

**\* The total premium listed above reflects a recent change to your policy and the 6 month renewal premium.**

State Farm works hard to offer you the best combination of price, service, and protection.   The amount you pay for automobile insurance is determined by many factors such as the coverages you have, where you live, the kind of car you drive, how your car is used, who drives the car, and information from consumer reports.

You have the right to request, no more than once during a 12-month period, that your policy be re-rated using a current credit-based insurance score. Re-rating could result in a lower rate, no change in rate, or a higher rate.

### EXCEPTIONS, POLICY BOOKLET & ENDORSEMENTS (See policy booklet & individual endorsements for coverage details.)

```
YOUR POLICY CONSISTS OF THIS DECLARATIONS PAGE, THE POLICY BOOKLET -
FORM 9804A, AND ANY ENDORSEMENTS THAT APPLY, INCLUDING THOSE ISSUED TO YOU
WITH ANY SUBSEQUENT RENEWAL NOTICE.
CREDITOR- EARL BAKER MOTOR SALES, 3310 E RACE AVE, SEARCY AR 72143-4817.
6128DC      AMENDATORY ENDORSEMENT.
6904A.3     AMENDATORY ENDORSEMENT.
```

Agent:      BLAKE HENDRIX INS AGENCY INC
Telephone: (501)268-8638
Prepared   FEB 07 2019       1550-BAF


EXHIBIT "A"

00887/00499
155-3866.2 04-2005 (o1s025hd)    (o1s0254c)
I3SX0      (o1s025vd)

This policy is issued by State Farm Mutual Automobile Insurance Company.

**MUTUAL CONDITIONS**

1. **Membership.** While this policy is in force, the first insured shown on the Declarations Page is entitled to vote at all meetings of members and to receive dividends the Board of Directors in its discretion may declare in accordance with reasonable classifications and groupings of policyholders established by such Board.

2. **No Contingent Liability.** This policy is non-assessable.

3. **Annual Meeting.** The annual meeting of the members of the company shall be held at its home office at Bloomington, Illinois, on the second Monday of June at the hour of 10:00 A.M., unless the Board of Directors shall elect to change the time and place of such meeting, in which case, but not otherwise, due notice shall be mailed each member at the address disclosed in this policy at least 10 days prior thereto.

In Witness Whereof, the State Farm Mutual Automobile Insurance Company has caused this policy to be signed by its President and Secretary at Bloomington, Illinois.

*Lynne M. Yaxell*
Secretary

*Michael F. Tipsord*
President

B10

**EXHIBIT "A"**

Providing Insurance and Financial Services
Home Office, Bloomington, IL



October 5, 2022

Rainwater Holt & Sexton
17250
Little Rock AR  72222

**State Farm Claims**
PO Box 106171
Atlanta GA 30348-6171

RE:   Claim Number:     04-33K3-00P
      Date of Loss:     August 21, 2019
      Our Insured:      Sheila Bennett

To Whom It May Concern:

State Farm® consents to the settlement of the $25,000.00 policy limits of Allstate Insurance's Bodily Injury policy with our insured, Sheila Bennett. State Farm does not intend to pursue subrogation against Allstate Insurance or its insured(s) for any payments made from the Underinsured Motorist coverage of State Farm Mutual Automobile Insurance Company.

State Farm agrees that by settling the Bodily Injury claim with Allstate Insurance, Sheila Bennett does not prejudice her ability to present an Underinsured Motorist claim with State Farm.

Also, please provide us with any policies your client may have that carries Underinsured Motorist coverage.

If you have questions or need assistance, call us at (844) 292-8615 Ext. 370.

Sincerely,

Brandon Westphal
Claim Specialist
615.692.7316
Fax:  (855) 820-6318
statefarmclaims@statefarm.com

*For your protection, when emailing State Farm, please do not include sensitive personal information such as Social Security Number, credit/debit card number (financial account number), driver's license number, or health/medical information in an email. Please contact us at (844) 292-8615 Ext. 370 to discuss sensitive information.*

State Farm Mutual Automobile Insurance Company

# EXHIBIT "B"